IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARINA OCAMPO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-06283 |
| ) | |
| REMEDIAL ENVIRONMENTAL ) | Honorable Judge Robert Gettleman |
| MANPOWER, INC. and FERRARA PAN ) | |
| CANDY COMPANY, INC., ) | Magistrate Judge Sheila Finnegan |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

On September 3, 2013, Plaintiff KARINA OCAMPO (hereafter "Karina") filed a four-count complaint alleging that Defendants (as her joint employers) terminated her employment because of her sex and in retaliation for her complaints of sex harassment and discrimination in violation of Title VII (Counts I and III), and also because of her sexual orientation and in retaliation for her complaints of sexual orientation harassment and discrimination in violation of the Illinois Human Rights Act (Count II and IV). Defendants moved to dismiss Counts I and III pursuant to Rule 12(b)(6) based on their incorrect and unsupported contention that it failed to meet the pleading requirements of *Iqbal* and *Twombly*. Defendants also moved to dismiss Counts II and IV pursuant to Rule 12(b)(6) based on their equally inaccurate assertion that Karina failed to exhaust her administrative remedies prior to filing her complaint. D's Support Memo, pp. 3, 5 & 6.

As explained and supported below, Karina has met federal pleading requirements under Title VII, and has also sufficiently exhausted her administrative

1

remedies. Furthermore, to the extent that this Court finds there is a question of material fact regarding whether Karina exhausted administrative remedies, such an issue is not ripe for determination pursuant to Rule 12(b)(6) and should be considered, if at all, in connection with a Rule 56 motion following discovery. Alternatively, should this Court find that Defendants' failure to exhaust affirmative defense is ripe for determination at this time under Rule 12(b)(6), any failure to exhaust should be excused because proceeding before the Illinois Department of Human Rights would have been, and remains, an exercise in futility. This court should accordingly deny Defendants' motion.

I. **Karina has Adequately Pled Actionable Title VII Sex Discrimination and Retaliation Claims.**

While the Supreme Court's *Iqbal* and *Twombly* decisions raised the federal "notice" pleading standards in certain cases, the federal pleading rules remain unchanged, and the Seventh Circuit has determined that the Supreme Court holds Title VII cases to a different pleading burden. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (reversing lower court's dismissal of plaintiff's workplace sex and retaliation Title VII claims). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff in an employment discrimination case need not allege facts corresponding to each element of a *prima facie* case of gender discrimination. *Stucker v. Benevolent & Protective Order of Herrin Elks #1146*, 2012 U.S. Dist. LEXIS 3254, at *6 (S.D. Ill. 2012) (J. Murphy). In fact, "[a] complaint need not allege all, or *any,* of the facts entailed by the claim, and it certainly need not include evidence." *Stucker*, 2012 U.S. Dist. LEXIS 3254 at *7 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (emphasis in original). The 7th Circuit has rejected the argument that a Title VII complaint requires greater particularity because it would too narrowly constrict the role

of the pleadings. *Luevano,* 722 F.3d at 1028. Ultimately, plaintiffs are only required to plead that their employer instituted a specified adverse employment action against them on the basis of their protected class status. *Luevano*, 722 F.3d at 1028. *See also Lewis v. Tyson Foods, Inc.*, 2013 U.S. Dist. LEXIS 155317, 5-6 (N.D. Ind. Oct. 29, 2013) (J. Moody); *Davis v. Metro. Pier & Exposition Auth.*, 2012 U.S. Dist. LEXIS 91710, 19-20 (N.D. Ill. July 3, 2012) (J. Kendall).

In *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085-1086 (7th Cir. 2008), the court found the plaintiff adequately stated a Title VII sex discrimination claim sufficient to withstand Rule 12(b)(6) scrutiny where she alleged she was a female, she suffered an adverse employment action, the defendant discriminated against her based on her gender, and similarly-situated employees were treated more favorably. Similarly, Karina has alleged she is a female, her employment was terminated, she was discriminated against because of her sex, and similarly-situated employees were treated more favorably. See ¶¶ 10, 21, 24, & 25 of the Compl. As such, she has adequately pled an actionable Title VII sex discrimination claim under the federal standard.

Defendants primary argument to dismiss Count I is their confused assertion that Karina "is really trying to bring a claim of harassment based on her sex or perceived sexual orientation." See p. 4 of Ds' Motion to Dismiss. There is no justifiable basis for any such feigned confusion. The claims are clearly set forth in distinct counts, not one of which is a "harassment," or hostile work environment count, and as supported herein are more than adequately pled.

Furthermore, in order to plead a viable claim for retaliation under Title VII, a plaintiff must merely allege that she engaged in statutorily protected activity and was

3

subjected to adverse employment action as a result of that activity. *Luevano,* 722 F.3d at 1029 ("Here the statutorily protected activity was the filing of the complaint against Luevano's supervisor. The materially adverse action was reduction of assigned working hours. These were sufficient to meet the first two requirements of a *prima facie* claim, which is all Luevano needed to do at that stage.") Karina clearly stated in her complaint that she complained to Defendants about sex harassment that she in good faith believed to be illegal, and that her employment was terminated as a result. See ¶¶ 36 & 38 of the Compl. She need not plead any more specific facts, and need not demonstrate at any point in this case that she correctly recited to Defendants the precise statute that prohibited the conduct of which she complained. Defendants fail to so much as point out one missing fact that Karina was required to plead. Instead, they merely again fall back on their feigned confusion about some non-existent Title VII sexual orientation retaliation claim. Karina has therefore adequately pled an actionable Title VII retaliation claim under the federal standard.

**II.     Defendants' Rule 12(b)(6) Attempt to Dispose of Karina's Sex Orientation Discrimination and Retaliation Claims is Premature.**

Failure to exhaust administrative remedies is an affirmative defense, and a plaintiff is not required to plead around affirmative defenses. *Lewalski v. Sanlo Mfg. Co.*, 2009 U.S. Dist. LEXIS 40915, 9-10 (N.D. Ind. 2009); *See also Volling v. Antioch Rescue Squad*, 2012 U.S. Dist. LEXIS 171623, 35-36 (N.D. Ill. 2012). When a plaintiff intends to rely on an exception to the affirmative defense of exhaustion of administrative remedies courts have found dismissal under Rule 12(b)(6) to be premature. *Id.*

Defendants have moved to dismiss Karina's claim under its exhaustion of administrative remedies affirmative defense, and Karina intends in part to rely on an

4

exception to that doctrine, namely, futility. Numerous contested fact issues exist that will have to be resolved by a trier of fact, or pursuant to Rule 56. As a result, this court should deny Defendants' Rule 12(b)(6) Motion as to this issue.

### III. Should this Court Find Defendants' Failure to Exhaust Affirmative Defense Ripe for Review Under Rule 12(b)(6), It Should Nevertheless Deny Defendants' Motion Because Karina Fully Exhausted her Administrative Remedies.

"The purpose of requiring exhaustion of administrative remedies in Title VII cases is to place the employer on notice of an impending suit that he can try to head off by negotiating with the complainant, utilizing the conciliation services offered by the EEOC." *Horton v. Jackson County Bd. of County Comm'rs*, 343 F.3d 897, 899 (7th Cir. 2003), citing *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir. 1998); *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1016 (7th Cir. 1988); *Jasch v. Potter*, 302 F.3d 1092, 1094-95 (9th Cir. 2002); *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997); *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996). Notice and conciliation are also the goals of the exhaustion prerequisite under the IHRA. *Wiginton v. CB Richard Ellis, Inc.*, 2003 U.S. Dist. LEXIS 7621, 11-13 (N.D. Ill. May 5, 2003) (J. Anderson). Conciliation is equally furthered whether it is attempted by the IDHR or the EEOC. *Alerquin v. General Fire Extinguisher Corp.*, 1995 U.S. Dist. LEXIS 11695, at *23-24 (N.D. Ill. Aug. 15, 1995) (J. Nordberg). A Notice from the Director of the IDHR is the effective equivalent of an EEOC Right to Sue letter in that it informs a complainant the agency has concluded its investigation and complainant has 90 days to file an action in court. 775 ILCS 5/7A-102(d)(3) and (4). Exhaustion of administrative remedies in this instance is the receipt of such notice signifying the

agency will not provide a complainant with any relief. *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). The exhaustion requirement is in place to prevent waste of judicial resources on cases that would be resolved or abandoned at the administrative level. *Id.*

Karina has exhausted her administrative remedies. She filed her charge of sex orientation discrimination against Defendant Remedial Environmental Manpower in February of 2012, and her charges of retaliation against Defendant Remedial Environmental Manpower and sex orientation discrimination and retaliation against Defendant Ferrara Pan Candy Company in June 2012. All charges were filed with the IDHR. (See Exhibit 1). In the Fall of 2012, she requested and received a transfer of her charges from the IDHR to the EEOC, at which point the charge progressed before the EEOC. (See Exhibit 2). Thereafter, EEOC Investigator, Kara Mitchell, discussed settlement with the parties from January through to early May 2013. During this time, Defendants were put on clear notice of all of Karina's claims, given every opportunity to attempt to resolve all of her claims. When negotiations proved fruitless, Karina obtained a Right to Sue letter and filed the present lawsuit. As such, Karina fully exhausted her administrative remedies as defined by law.

Furthermore, there is no question that this Court has subject matter jurisdiction over Karina's IHRA claims pursuant to 28 U.S.C. § 1367. See *De v. City of Chicago*, 912 F. Supp. 2d 709, 732 (N.D. Ill. 2012).[1]

---

[1] "This Court agrees with the broad consensus of the district courts in this Circuit and holds that IHRA claims *may* be heard in a federal court sitting in the stead of a circuit court of Illinois based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367. All of De's claims, state and federal, revolve around allegations that the CDOT discriminated against him. It is uncontested that the Court has original jurisdiction over De's § 1981 claim, as that claim arises directly under federal law. 28 U.S.C. § 1331. Because this is a "civil action of which the [C]ourt [has] original jurisdiction, the [Court] . . . [has] supplemental jurisdiction over all other claims that are so related in the action within such original jurisdiction that they form part of the same case

Defendants cite *Ellman v. Woodstock #200 School Dist.* to support the contention that an EEOC Right to Sue letter "does not serve as a substitute for a final order from the IHRC." See D's Support Memo, p. 7. *Ellman* is inapposite as it was decided based on the IHRA as it existed in 2001, prior to the 2008 amendments. Before the 2008 amendments, the Illinois Human Rights Commission (IHRC) had exclusive jurisdiction to hear claims brought under the IHRA. See *De v. City of Chicago*, 912 F. Supp. 2d at 730-732. The Act was amended in 2008 to give original jurisdiction over IHRA claims to both the IHRC and state and federal courts and grants de novo action in those courts. *Id.*; 775 ILCS 5/7A-102(d)(3) and (4). As such, a final order from the IHRC is no longer a necessary administrative prerequisite to bring an IHRA claim before a state or federal court. In the present action, Karina is not attempting to substitute an EEOC Right to Sue letter for a final order from the IHRC because she is not statutorily required to proceed before the IHRC, or receive an order therefrom. As such, *Ellman* has no application to this matter.

While Defendants also cite *Davis v. Metro. Pier & Exposition Auth.*, a more recent decision, *Davis* came to an incorrect conclusion for the same reason. See D's Support Memo, p. 6. The *Davis* court relied on *Mein v. Masonite Corp.*, 485 N.E.2d 312 (Ill. 1985), and *Jimenez v. Thompson Steel Co., Inc.*, 264 F. Supp. 2d 693, 695 (N.D. Ill.

---

or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The inquiry to determine whether claims form part of the same case or controversy is whether the claims "derive from a common nucleus of operative facts." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)). The Court concludes that De's IHRA claims do derive from a common nucleus of operative facts as his § 1981 claim because they are all founded on the same allegedly discriminatory conduct, allegedly committed by the same defendants, under the same allegedly discriminatory conditions of employment at the CDOT. Therefore, the Court concludes that it does have subject matter jurisdiction over De's national origin and sex discrimination claims brought under the IHRA pursuant to 28 U.S.C. § 1367.

2003), pre-2008 amendments decisions, to support its conclusion that courts do not have statutory authority to hear cases for alleged violations of the IHRA, only final orders issued by the IHRC are subject to appellate review, and that a Right to Sue letter from the EEOC cannot substitute a final order from the Commission.

As the *De* court noted, *Mein* based its decision on the version of the IHRA prior to the 2008 amendments. *De*, 912 F. Supp. 2d at 730. The court in *Davis* failed to take notice of the amendments to the IHRA which, once again, grant statutory authority to courts and no longer require a complainant to proceed before the IHRC, or seek a final order therefrom. *Davis* therefore has no application to this case as well.

Defendants' reliance on *Jimenez*, a 2003 decision, is similarly faulty. *Jimenez* is also factually distinguishable. See D's Support Memo pp. 7-8. The plaintiff in *Jimenez* filed her IHRA claim directly with the EEOC and obtained a Right to Sue letter, without filing anything at the IDHR. As explained above, Karina originally filed her claim with the IDHR and later requested, and was granted, a transfer of her IHRA and Title VII claims to the EEOC. She only received a Right to Sue notice from the EEOC because the IDHR granted her transfer request. As such, not only is the law in *Jimenez* out of date, but this is also a different case factually than *Jimenez.*

**IV.** **Should this Court Find Defendants' Failure to Exhaust Affirmative Defense Ripe for Review Under Rule 12(b)(6), It Should Nevertheless Deny Defendants' Motion Because any Further Exhaustion of any Remaining Administrative Remedies Would Have Been and Remains Futile.**

Failure to exhaust administrative remedies under the IHRA is not a jurisdictional issue. *Parker v. Ill. Human Rights Comm'n*, 2013 U.S. Dist. LEXIS 153881, 1-26 (N.D. Ill. 2013). Rather, it is a precondition, like a statute of limitations, subject to equitable

defenses. *Gibson v. West*, 201 F.3d 990, 993-994 (7th Cir. 2000). Failure to exhaust may be excused if administrative review would be futile or inadequate. *Jamie S. v. Milwaukee Pub. Schs*, 668 F.3d 481, 494 (7th Cir. 2012); *Shalala v. Ill. Council on Long Term Care,* 529 U.S. 1, 13 (2000); *United States EEOC v. Deb Shops, Inc.*, 1995 U.S. Dist. LEXIS 14244 (N.D. Ill. Sept. 28, 1995) (J. Duff).

The EEOC and IDHR both follow the same administrative procedure when processing a charge of discrimination or retaliation. They accept a charge from a complainant, they forward the charge to respondent, the respondent may file a position statement, the agencies may attempt conciliation, the agencies investigate the claims which may or may not include a fact-finding conference, determine the weight of complainant's claim, and finally provide complainant with a notice of her right to file a lawsuit regardless of the agencies' determination. 775 ILCS § 5/7A-102; 29 CFR §§1601.7, 1601.14, 1601.15, 1601.20, and 1601.19-21. The agencies follow the same procedures in furtherance of the same goals. As stated earlier, the purpose of exhaustion of administrative review before the EEOC and IDHR is in the interests of notice and conciliation and attempts at conciliation are equally furthered by both the EEOC and IDHR. *Horton*, 343 F.3d at 899; *Wiginton*, 2003 U.S. Dist. LEXIS 7621 at *11-13; *Alerquin*, 1995 U.S. Dist. LEXIS 11695, at *23-24.

Here, Karina has already progressed through the EEOC administrative process after having her charge transferred there from the IDHR. Considering the EEOC and the IDHR pursue the same goals under the same procedures, and that Karina would be presenting the same evidence and allegations to the same Defendants, requiring her to

9

go through this process a second time would be futile as Defendants are already on notice of her claims and the likelihood of conciliation will not have changed.

The 7th Circuit found futility under a similar factual basis in *Schultz v. Owens-Illinois, Inc.*, 696 F.2d 505 (7th Cir. 1982). Plaintiffs in *Shultz* filed a breach of fair representation claim against their union based on a provision their union agreed to in a collective bargaining agreement. This agreement limited the number of apprentices hired by the employer and plaintiffs were the employees who were not hired as apprentices as a result of the new agreement. Of all the plaintiffs, only Shultz filed a grievance with the union, which ultimately denied his request for arbitration. *Id.* at 508-510. The defendant claimed that all plaintiffs besides Shultz failed to exhaust their administrative remedies because federal labor policy required individual employees to attempt to use the grievance procedure before requesting judicial intervention. *Id.* at 511. The court found all plaintiffs had the same claim as Schultz under the same facts as Shultz and to require them to each individually seek administrative review would have been an exercise in futility because it was already clear how the union would have ruled under the same circumstances. *Id.* at 511-512.

The situation here is similar. Karina has already put Defendants on notice of her claims, and despite the EEOC's attempts at conciliation in which Defendants actively engaged through counsel, the parties could not negotiate an agreement. To hold an identical investigation and an identical attempt at conciliation before the IDHR under the same facts to the same Defendants would be no different than expecting the plaintiffs in *Schultz* to grieve the same violation under the same facts before the same union numerous times and expect different rulings. As the saying goes, the definition of

insanity is doing the same thing over and over again and expecting different results. Defendants' motion certainly flirts with the limits of sanity. This Court should deny Defendants' motion as it would require Karina to engage in an act of utter futility.

### **Conclusion**

Based on the aforementioned facts, law and argument, Plaintiff KARINA OCAMPO, respectfully requests that this Court deny Defendants' Motion to Dismiss her Complaint.

Dated: November 26, 2013

                                       Respectfully submitted,
                                       Plaintiff, KARINA OCAMPO,

By:_____
        Timothy J. Coffey, Esq.
        THE COFFEY LAW OFFICE, P.C.
        Attorneys for KARINA OCAMPO
        351 W. Hubbard Street
        Suite 602
        Chicago, IL   60654
        (312) 627-9700